UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.              Case No. 18-cr-20085
                District Judge Paul D. Borman

MICHAEL DAVIS,

 Defendant.
_____/

**ORDER DENYING DEFENDANT MICHAEL DAVIS' MOTION TO DISMISS COUNTS TWO AND FOUR OF THE INDICTMENT (ECF NO. 212)**

**BACKGROUND**

Defendant's Motion to Dismiss Counts Two and Four states the following:

> Counts Two and four each charge Defendant Davis with violating 18 U.S.C. § 924(c), 924(j) and 2 by using and carrying a firearm in relation to a crime of violence. The "crime of violence" alleged in Count Two is the offense charge in Count One of the Indictment, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, in Violation of 18 U.S.C. § 1958(a) and 2. The "crime of violence" alleged in Count Four is the offense charge in Count Three of the Indictment, Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire. Neither Count Two nor Count Four can be sustained based on the controlling definition of crime of violence in § 924(c)(3)(A). Both Counts are also defective because they are based on the same "unit of prosecution," the same use and carry of a firearm, and cannot be sustained under controlling circuit precedent, *United States v. Vichitvongsa*, 819 F.3d 260 (6th Cir. 2016).

1

(ECF No. 212, Page ID 745-746.)

Defendant's Motion further contends: That the Court should dismiss Counts Two and Four because (1) the predicate offense charged in Counts One and Three are not crimes of violence within the meaning of § 924(c), and (2) because each is factually based on the same act or unit of prosecution as the other. Accordingly, the two Counts should not be sustained as separate offenses.

Defendant's Brief contends that subsequent to the filing of the indictment on February 7, 2018, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the § 924(c) residual clause definition of "crime of violence" is unconstitutionally vague. Defendant further contends that because the predicate offenses--the crimes of violence charged in Counts One and Three--(Use of Interstate Commerce Facilities)--are not crimes of violence within the meaning of the remaining and controlling definition in § 924(c)(3)(A), they should be dismissed.

A second argument for dismissal, is that because each are based on the same unit of prosecution--the same use or carry of the same firearm--both cannot be sustained based on the allegations in the indictment. (ECF No. 212, Page ID 748).

The instant Indictment charges all four Defendants (the other three Defendants have joined in this Motion) in each of its Four Counts:

1. Use of Interstate Commerce Facilities in the Commission of a Murder-for-Hire. 18 U.S.C. §§ 1958(a) and 2;

2. Use and Carry of a Firearm During and in Relation to a Crime of Violence Resulting in Death, 18 U.S.C. §§ 924(c), 924(j) and 2;

3. Conspiracy to Use Interstate Commerce Facilities in the Commission of a Murder-for-Hire, 18 U.S.C. § 1958(a);

4. Use and Carry of a Firearm During and in Relation to a Crime of Violence Resulting in Death, 18 U.S.C. §§ 924(c), 924(j) and 2.

Defendant contends that 18 U.S.C. § 924(c)(3) defines crime of violence as a felony that:

(A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) That by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Defendant contends that *United States v. Davis* requires this Court to commit to dismiss Counts Two and Four because the alleged qualifying crimes in Counts One and Three, Murder-for-Hire and Conspiracy to Commit Murder-for-Hire are not "crimes of violence" within the statutory definition of § 924(c).

The Defendant also contends that "The § 1958 conspiracy charged in Count Four is not a crime of violence within the meaning of § 924(c)(3)(A)." (ECF No.

3

212, Page ID 754.) Defendant further contends that "Count Four should be dismissed for an additional reason: Decisions directly on point are unanimous that conspiracy to violate § 1958 fails to satisfy the § 924(c)(3)(A) elements clause. (ECF No. 212, Page ID 755.) The thrust of this argument is that "An agreement to commit an offense that is not a crime of violence does not change its colors by an allegation of concerted action." (*Id*., Page ID 755.) Defendant also contends that "Neither Count Two nor Count Four, charge of Crime of Violence under § 924(c)(3)(A) by incorporating the 'if death results' language of § 1958." (*Id*., Page ID 756.)

Defendant also contends that "Counts Two and Four charging violations of § 924(c) cannot be sustained because they are both based on the same unit of prosecution--the same use or carry of a firearm-- contrary to the controlling case law of this crime." *United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016). On Page ID 760, the Defendant contends that "…one of the 924(c) Counts must be dismissed" because the *Vichitvongsa* decision "concluded that each § 924 violation requires a separate and independent choice to use a firearm, even if that choice was made during and in relation to multiple predicate offenses." *Vichitvongsa*, at 267-270. (ECF No. 212, Page ID 761.) Thus, Defendant concludes a "Defendant must make more than one choice to use, carry or possess a firearm in order to be convicted of more than one § 924(c) offense." *United States v. Jackson*,

4

918 F.3d 467, 492 (6th Cir. 2019) quoting *Vichitvongsa*, and that here the Government fails to allege more than a single choice to use a firearm, and thus either Count Two or Count Four should be dismissed (Page ID 763.)--or, better yet, Counts Two and Four be dismissed. (*Id.*, Page ID 765.)

The Government Response contends that the "Murder-for-Hire" and "Conspiracy to Commit Murder-for-Hire Resulting in Death are crimes of violence," (ECF No. 229, Page ID 903), and are not based on § 924(c)'s residual clause, but on the elements clause in § 924(c)(3)(A):

> To add an element resulting in death, coupled with the standard element of intent to kill, qualifies the predicate offenses as crimes of violence because they have as an element the use, attempted use, or threatened use of physical force against the person of another.

(*Id.*, Page ID 904.)

The Government points out that while *Davis* invalidates the residual clause in § 924(c)(3)(B), it left intact the elements clause in § 924(c)(3)(A).

The Government concedes "That an un-enhanced violation of § 1958 (i.e. no injury or death) is not a crime of violence…but the Defendants are not charged with an un-enhanced violation of § 1958." (*Id.*, Page ID 909.) The Government notes that § 1958(a) already contains a *mens rea* element--one related to death: Intent that a murder be committed. (*Id.*, Page ID 912).

5

The Government further contends that "Counts Two and Four are based on difference predicate offenses and therefore are separate units of prosecution" because the present case does not involve the commission of simultaneous predicate offenses. (*Id.*, Page ID 915.) The Government contends that while *Vichitvongsa* is premised on the fact that the predicate conspiracies occurred simultaneously, "Here the two 924(c) predicates--the substantive offense of Murder-for-Hire and the Conspiracy to Commit Murder-for-Hire--are distinct offenses." (*Id.*, Page ID 916).

In his Reply, Defendant contends that it is the sentence enhancement elements, such as "death results" and "bodily injury" are distinguishable from those that must be proved to establish guilt (*Id.*, Page ID 970-971), and just factual prerequisites to liability for enhanced penalties, not separate offenses, citing *United States v. Martinez*, 588 F.3d 301 (6th Cir. 2009).

Defendant asserts that Counts Two and Four should also be dismissed because they are based on the same unit of prosecution--the same choice to use a firearm that is part of the same overlapping criminal episode--only one choice, one affirmative act to use a firearm. (ECF No. 233, Page ID 973-974.)

## DISCUSSION

The Court finds that the predicate offenses charged in Counts One and Three do not come under the § 924(c) residual clause, and thus *United States v. Davis*

does not apply: both are crimes of violence under the elements clause, not under the residual clause.

The Court agrees with the Government's assertion:

> Counts Two and Four are not based on § 924(c)'s residual clause. Rather, as 18 U.S.C. § 924(c)(3)(A) requires, and as common sense dictates, murder-for-hire resulting in death, and conspiracy to commit murder-for-hire resulting in death, are crimes of violence under the "elements clause" in § 924(c)(3)(A). The added element of a resulting death, coupled with the standard element of intent to kill, qualifies the predicate offenses as crimes of violence because they have as an element the use, attempted use, or threatened use of physical force against the person of another.

(Government Response, ECF No. 229, Page ID 904.)

The Government correctly notes that "The Defendants are not charged with an unenhanced violation of § 1958. Rather, the charged offenses have an added element of a death resulting from the murder-for-hire scheme…an element of the offenses that the Government…must prove beyond a reasonable doubt that the Defendant intends that a murder be committed." (*Id.*, Page ID 907.)

The Government must prove beyond a reasonable doubt to convict for Count Two "That the Defendants had both an intent that a murder be committed and a resultant death. A conspiracy to violate § 1958 also has those same two elements." (*Id.*, at Page ID 908.)

7

The Government further points out that "§ 1958(a) already contains a *mens rea* element--one related to death: intent that a murder be committed." (*Id.*, at Page ID 912.)

The Court also finds that Counts Two and Four charging 924(c) violations are based on different predicate offenses, and therefore are separate units of prosecution.

The instant case does not involve the commission of simultaneous predicate offenses. This claim by Defendant ignores the fact that the conduct alleged in the Count Three conspiracy offense occurred "from November 2016 and continuing until at least December 2016," while the conduct alleged in the Count One offense occurred "on or about December 29, 2016." (Indictment, ECF No. 1.)

The Court finds that *Vichitvongsa* is not controlling precedent on this issue. That case involved the "application of 18 U.S.C. § 924(c)(1)'s criminalization of the use, carry, or possession of a firearm during the commission of two simultaneous conspiracies." (*Vichitvongsa*, at 264.) The Sixth Circuit held:

> In order for the Government to convict a defendant of more than one § 924(c) charge, the defendant must use, carry, or possess a firearm--even if it is the same one-- more than once.

(*Id.*, at 269.)

8

In the instant case, the Indictment does not charge two conspiracies; it charges one predicate offense on one date, and one conspiracy offense over a period of time.

In *United States v. Jackson*, 918 F.3d 467, 490 (6th Cir. 2019), the Sixth Circuit noted that the *Vichitvongsa* decision emphasized the narrowness of its decision, noting that it did not hold that multiple crimes with one firearm occurring during the same criminal episode may support only one § 924(c) charge: "Multiple underlying offenses can support multiple 924(c) convictions where each underlying offense has different elements…" *Jackson*, at 490.

In the instant case, the predicate count and the conspiracy count have different elements. The Court agrees with the Government's assertion that "The Defendants improperly restrict the duration of the criminal episode to only the murder of Pippin, ignoring the multiple events leading up to the commission of the murder." (Government Response, ECF No. 229, Page ID 915.) The Government did not charge the Defendants with predicate acts that occurred simultaneously, citing *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000), which held:

> A substantive crime and a conspiracy to commit that crime are not the "same offense" for purposes of double jeopardy, even if based upon the same underlying indictments "because the essence of a conspiracy offense is in the agreement or confederation to commit a crime." *United States v. Medina*, 992 F.2d 573, 588 (6th Cir. 1993) (quoting *United States v. Felix*, 503 U.S. 378, 389-90 (1992). In *Felix*, the Supreme Court held that the

9

Defendants' conspiracy conviction did not violate his double jeopardy rights even though he had already been prosecuted for two of the predicate acts supporting the conspiracy charge. *Felix*, 391-392.

In its Response, the Government also spells out the conspiracy count's disparate, multiple activities that occurred on days apart, in addition to the day of the murder. (*Id.*, at Page ID 919.)

## CONCLUSION

The Court concludes:

(1) That the predicate offenses charged in Counts One and Three arise under the § 924(c) elements clause, and

(2) That because the predicate offenses charged, Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire, and Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-For-Hire, did not occur simultaneously/fully on the same day, they support the two separate § 924(c) prosecutions in Counts Two and Four.

Accordingly, Defendant's Motion is denied.

SO ORDERED.

DATED: July 27, 2020            s/Paul D. Borman
                                PAUL D. BORMAN
                                UNITED STATES DISTRICT JUDGE