UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              NO. 18-cr-20085

        Plaintiff,

                              HON. PAUL D. BORMAN
v.                              United States District Judge

D-1 DWIGHT WILLIAMS,
     a.k.a White, a.k.a. Woody,

D-2 MICHAEL DAVIS,
     a.k.a. Caine, a.k.a. Novacaine, a.k.a. Killa,

D-3 CHRISTOPHER DAVIS,
     a.k.a. Future, a.k.a. Gunna Traum,

D-4 DAVID ALLEN,
     a.k.a. Dirt,

             Defendants.

---

**Joint Report Regarding Case Status—February 2021**

---

On October 20, 2020, as a result of the global pandemic, the Court entered

an order adjourning trial in this matter indefinitely. As part of the Order, the parties

are to file joint periodic reports outlining the status of the case and any changes in

the circumstances that justify the indefinite continuance. For the reasons explained

below, the parties believe that the indefinite continuance remains justified.

(1)   The unprecedented and exigent circumstances created by COVID-19 and
related coronavirus health conditions have created a health emergency
throughout the United States and numerous foreign countries that has
resulted in widespread societal disruption.

(2)   In order to slow the spread of the outbreak and lessen the load placed on
our healthcare systems, various restrictions have been imposed on travel,
access to public facilities, and government functions. As part of these
efforts, on March 13, 2020, the court postponed indefinitely most in-
court proceedings, including trials, before district judges and magistrate
judges in the Eastern District of Michigan in all criminal (and civil) cases
and matters. *See* Administrative Order 20-AO-021. This Order also
reflected the fact that the court cannot properly secure the presence of
sufficient jurors in the courthouse without jeopardizing the health and
safety of the prospective jurors, as well as the health and safety of court
personnel. That order further reflected the reality that the court staff, the
Court Security Officers, and the Marshals Service could not operate or
provide access to in-court proceedings without jeopardizing their health
and safety.

(3)   On July 2, 2020, the court superseded Administrative Order 20-AO-021
with Administrative Order 20-AO-38, which notes that "[j]ury trials

during the pandemic present unique challenges." The continuing need for

the social distancing makes impracticable if not impossible activities

necessary for the conduct of trials, such as the gathering of large jury

venire pools, the voir dire process, and the seating of jurors in a jury box.

Administrative Order 20-AO-38 also recognizes that "[c]onventional

courtroom layouts do not allow jury trial participants to adhere to the

necessary precautions to reduce the possibility of exposure to the

disease." Likewise, social distancing and the wearing of facemasks

impose significant barriers to effective communication both before and

during trials between defendants and defense counsel, among members of

the prosecution team, and between attorneys and witnesses.

(4)  Administrative Order 20-AO-38 also states:

> Jury trials will not resume until the following can be accomplished:
>
> - screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;
>
> - courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]
>
> - prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

(5)  To date, these conditions have not been achieved, and it is unclear at this

time when they will be. Thus, as of now, no criminal trials are scheduled

to take place in the Eastern District of Michigan. As the court stated in its

September 8, 2020, revised Administrative Order (see 20-AO-38

(REVISED)), "[j]ury trials will commence on a date yet to be

determined…"

(6) On July 21, 2020, the court issued Administrative Order 20-AO-39,

which explicitly found, after considering current conditions in the state of

Michigan, that "proceeding with a jury trial at this time would be

impossible, or result in a miscarriage of justice."

(7) After this Court's October 20, 2020 Order, the severity of the pandemic

increased in the community. On November 18, 2020, the Michigan

Department of Health and Human Services (MDHHS) issued an

epidemic order requiring more forceful mitigation techniques in an effort

to reduce the spread of the virus. The order place particular limits

gatherings and mandated face masks in certain circumstances. *See*

*Coronavirus order 11-15-2020*.

(8) On December 18, 2020, the MDHHS continued its efforts to combat

COVID-19 again issuing a Gatherings and Face Mask Order. *See*

*Coronavirus Order 12-18-2020*.

(9) On February 4, 2021, the MDHHS again issued an Epidemic Order on

Gatherings and Face Masks in an effort to combat the virus. *See*

*Coronavirus Order 4-4-2021*. In the order, the Director of the MDHHS

concludes that "the COVID-19 pandemic continues to constitute and

epidemic in Michigan" and that "control of the epidemic is necessary to

protect the public health and that it is necessary to restrict gatherings and

establish procedures to be followed during the epidemic to ensure the

continuation of essential public health services and enforcement of health

laws. *Id.*

(10) Counsel for the defense and the government continue to face an inability

to adequately prepare for trial. Due to the severe restrictions imposed on

movement, meetings, and travel recommended by public health officials

and required under Health Orders, neither defense counsel nor counsel

for the government are able to effectively review the discovery materials

and prepare for trial. For example, most jail facilities have imposed

severe restrictions on visitation and have imposed internal restrictions as

well. As a result, there is currently little or no ability to meet personally

with defendants to review the case. Defense counsel also have limited

ability to access materials, visit and interview witnesses (including, if

appropriate, expert witnesses), meet with government counsel, and

review discovery materials in the custody of the government. Counsel for

the government are similarly limited in their ability to meet with agents

and witnesses, as well as to access material stored at government

facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-

witness specialists have been directed to telework as much as possible

and to minimize personal contact to the greatest extent possible. Trial

preparation necessarily involves close contact with colleagues, witnesses,

and others.

(11) Under the circumstances, the status of the case remains the same as it did

in the recent past: the global pandemic prevents the Court from safely

conducting jury trials and prevents the parties from properly preparing

for trial. For these reasons, the indefinite continuance remains justified.



Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney


s/ MARK S. BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov
P48855

s/ A. TARE WIGOD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9191
tare.wigod@usdoj.gov
P58479

Dated: February 19, 2021

*s/ with consent JEFFREY EDISON*
Law Office of Jeffrey Lee Edison
500 Griswold Street, Suite 2410
Detroit, MI 48226
jelee@ix.netcom.com
Bar No. P25912
(Counsel to D-4 David Allen)

*s/ with consent HAROLD GUREWITZ*
Gurwitz & Raben PLC
333 W. Fort St., Ste 1400
Detroit, MI 48226
hgurewitz@grplc.com
Bar No. P14468
(Counsel to D-2 Michael Davis)

*s/ with consent JUAN A. MATEO*
Attorney and Counselor at Law
535 Griswold St., Suite 1000
Detroit, MI 48226
mateoja@aol.com
Bar No. P33156
(Counsel to D-1 Dwight Williams)

*s /with consent JOHN MINOCK*
Attorney at Law
339 E. Liberty St., Ste. 200
Ann Arbor, MI 48104
jminock@cramerminock.com
Bar No. 24626
(Counsel to D-3 Christopher Davis)


Dated: February 19, 2021